# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JEREMY D. MOUNT, | Case No. 18-CV-960 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| MCLEOD COUNTY; JUDGE MARK VANDELIST, individually and in his official capacity; and AMBER R. DONLEY, individually and in her official capacity, | |
| Defendants. | |

*Pro se* Plaintiff Jeremy Mount brought this action in April 2018 while incarcerated. [ECF No. 1.] With the complaint, Mount submitted an Application to Proceed *in forma pauperis*. [ECF No. 2.] On July 10, 2018 United States Magistrate Judge Leo I. Brisbois ordered Mount to pay an initial partial filing fee of $259.44. [ECF No. 5.] Mount sought a 90-day extension to pay the fee [ECF No. 7] and Judge Brisbois granted him a 45-day extension. [ECF No. 8.] For approximately six months, Mount did not pay the fee and did not contact the Court. Judge Brisbois then filed a Report and Recommendation on February 5, 2019, recommending this case be dismissed without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). [ECF No. 10 ("R&R").] Mount objected to the R&R, claiming his monthly income had decreased and that paying the fee

1

"would mean [he] could not spend money on calling his children, sending letters or buying basic supplies for human living needs." [ECF No. 11 at 1.]

If a party objects to a magistrate judge's report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Prisoners bringing civil actions must pay the initial filing fee and the court "shall assess, and when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of . . . the average monthly deposits to the prisoner's account; or . . . the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). But "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." § 1915(b)(4). Mount's IFP Application indicated that in the 6-month period preceding the application, the average monthly deposit in his trust fund prison account was $1,297.20 and the average monthly balance was $455.35. Twenty percent of the larger amount is $259.44—meaning Judge Brisbois correctly assessed the initial filing fee under § 1915(b) in this case.

That Mount's income has decreased recently does not change that inquiry, because the statute requires the Court to consider the 6-month period *preceding* the filing of the complaint. Moreover, there is no evidence that Mount "has no assets and no means by

2

which to pay the initial partial filing fee." § 1915(b)(4). "Courts may . . . dismiss prisoner actions for failure to pay the statutorily-required initial partial filing fee." *Maddox v. Swenson*, No. CIV 10-2847 ADM/AJB, 2010 WL 4683871, at *2 (D. Minn. Nov. 10, 2010). Mount refrained from paying the initial partial filing fee for many months without sufficient justification. Therefore, the Court dismisses this case without prejudice for failure to prosecute.[1]

---

[1] Even if the IFP application were granted, it is unlikely this case would survive screening under 28 U.S.C. § 1915(a). As Judge Brisbois's July 10 Order aptly notes, "[t]o the extent that the action is an attempted appeal of a state-court judgment, it is barred by the *Rooker-Feldman* doctrine, which prohibits federal district courts from sitting in appellate review of state courts in non-heabeas cases." [ECF No. 5 at 3 n.2], *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). That Order also correctly explained that Judge Vandelist is likely protected by absolute immunity, Amber Donely is likely not considered a state actor under § 1983, and "there is no basis on the complaint to conclude the defendant McLeod County itself, as an entity, acted unlawfully." *(Id.)*

Based on the foregoing, and on all the files, records, and proceedings herein, the Court OVERRULES Mound's objections [ECF No. 11] and ACCEPTS the R&R [ECF No. 10]. IT IS HEREBY ORDERED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for failure to prosecute; and

2. Mound's Application to Proceed in forma pauperis [ECF No. 2] is denied as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY

Dated: March 6, 2019

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge